IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EDMUND F. BAILEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-002-JJF |
| | ) | |
| THOMAS CARROLL, | ) | |
| | ) | |
| Respondent. | ) | |

## ANSWER

Pursuant to Rule 5 of the Rules governing § 2254 Actions, 28 *U.S.C.* foll. § 2254, Respondent states the following in response to the petition for writ of habeas corpus:

On April 25, 2002, a Superior Court judge, sitting without a jury, found petitioner Edmund F. Bailey guilty of two counts of possession of a firearm during the commission of a felony (11 *Del. C.* § 1447A); two counts of possession of a deadly weapon by a person prohibited (11 *Del. C.* § 1448); attempted manufacture of methamphetamine (16 *Del. C.* § 4752) and (11 *Del. C.* § 531);[1] possession of methamphetamine (16 *Del. C.* § 4753)[2]; possession of marijuana with intent to deliver (16 *Del. C.* § 4752); two counts of maintaining a building for keeping controlled substances (16 *Del. C.* § 4755(a)(5)); possession of marijuana (16 *Del. C.* § 4754(b)); and possession of drug paraphernalia (16 *Del. C.* § 4771). On August 7, 2002, the Superior Court sentenced Bailey to a total of 23

---

[1] The Superior Court originally convicted Bailey of manufacture of methamphetamine, but changed the conviction to attempted manufacturing by order dated July 18, 2002.
[2] The State originally charged Bailey with possession with intent to deliver methamphetamine, but the Superior Court convicted him of the lesser included offense of simple possession.

years of incarceration, suspended after 14 years, followed by decreasing levels of probation.

Bailey timely appealed his convictions to the Delaware Supreme Court. On direct appeal, Bailey raised two issues: the evidence found by police in the self-storage locker and at his house should have been suppressed because the video surveillance of his self-storage unit had been obtained without a warrant; and there was not legally sufficient evidence to support some of the weapons convictions. On January 24, 2003, the Delaware Supreme Court affirmed Bailey's convictions. *Bailey v. State*, 2003 WL 193540 (Del. 2003). The Superior Court docket shows that Bailey, *pro se*, moved for state post-conviction relief pursuant to Criminal Rule 61 on January 15, 2004. In that motion, Bailey alleged an illegal search and seizure; trial counsel improperly waived the preliminary hearing; and trial counsel was ineffective in failing to investigate and retain an expert witness. On December 13, 2004, the Superior Court denied Bailey's Rule 61 motion, and Bailey, *pro se*, has taken an appeal of that decision to the Delaware Supreme Court. *State v. Bailey*, 2004 WL 2914320 (Del. Super. Ct. 2004). That appeal of the denial of Bailey's Rule 61 motion is still pending before the Delaware Supreme Court.[3]

Bailey applied for federal habeas corpus relief in his petition filed January 3, 2005. (D.I. 1). In his petition, Bailey contends that the video surveillance of the storage locker violated the Fourth Amendment. Pet. at ¶¶ 19-22. In support of his argument, Bailey articulates the same sub-issues that he raised on direct appeal of his convictions to

---

[3] Bailey was represented by Eugene Maurer at trial and through sentencing in the Superior Court. William Rhodunda, Bailey's counsel in the instant petition for writ of habeas corpus, represented Bailey on direct appeal of his convictions to the Delaware Supreme Court. Bailey has been unrepresented during the course of his state post-conviction motion and on appeal from the Superior Court's denial of that motion.

2

the Delaware Supreme Court. Bailey has thus presented to the state supreme court in his direct appeal the Fourth Amendment claim that he makes in his federal habeas petition. As a result, Bailey has exhausted state remedies. *See Smith v. Digmon*, 434 U.S. 332 (1978).

While Bailey has exhausted his state remedies, federal habeas review of his Fourth Amendment claim is nonetheless barred by *Stone v. Powell*, 428 U.S. 465, 494 (1976). *Stone* precludes a federal habeas court from considering a claim that evidence introduced at trial was obtained as the result of an illegal arrest or search if the state courts have given the petitioner a full and fair opportunity to litigate the claim. *Id.* In determining whether a petitioner has had a full and fair opportunity to litigate his Fourth Amendment claim, the only question is whether the state makes available a mechanism for suppression of evidence seized in or tainted by an unlawful search or seizure. *See United States ex rel. Petillo v. New Jersey*, 562 F.2d 903, 906 (3d Cir. 1977). In Delaware, that mechanism is created by Superior Court Criminal Rule 41. *See Deputy v. Taylor*, 19 F.3d 1485, 1491 (3d Cir. 1994). Bailey availed himself of that procedure in the Superior Court when he moved to suppress the evidence seized in the self-storage unit and at his Newark residence (drugs, drug paraphernalia, and guns) and the court held an evidentiary hearing. The Superior Court issued an opinion and order denying Bailey's motion to suppress on November 30, 2001. *See State v. Bailey*, 2001 WL 1739445 (Del. Super. Ct. 2001). Furthermore, Bailey pursued the issue on direct appeal of his conviction, and the Delaware Supreme Court considered, and rejected, his claim that the evidence seized by police was the result of an illegal search. Because Bailey has not argued that a structural defect exists in Delaware's criminal process to consider search

3

and seizure issues to prevent a full and fair litigation of his claim, he cannot overcome the reach of Stone in his case. *See Marshall v. Hendricks*, 307 F.3d 36, 82 (3d Cir. 2002).

In paragraph 23 of his petition, Bailey alleges that the prosecution, before the suppression hearing, did not divulge the involvement of Lawrence Russo (the named lessor of the self-storage unit who provided Bailey with a key) with police in setting up the video surveillance. Bailey did not make this argument to the Delaware Supreme Court on direct appeal. In the event that this Court treats this allegation as an alleged violation of *Brady v. Maryland*, 373 U.S. 83 (1963), rather than a Fourth Amendment claim, such a claim is unexhausted.[4] Section 2254(b) requires that a state prisoner seeking federal habeas relief first exhaust remedies available in the state courts. 28 *U.S.C.* § 2254(b); *Castille v. Peoples*, 489 U.S. 346, 351 (1989). In order to demonstrate that a claim has been "exhausted" in state court, a petitioner must show that he presented each claim to the Delaware Supreme Court. *Bailey v. Snyder,* 855 F.Supp. 1392, 1399 (D. Del. 1993). The habeas petitioner must afford each level of the state courts a fair opportunity to address the claims. *Doctor v. Walters,* 96 F.3d 675, 678 (3d Cir. 1993). Further, a petitioner must have raised in the state courts the factual and legal premises of his claims presented in his petition. *Gibson v. Scheidmantel,* 805 F.2d 135, 138 (3d Cir.

---

[4] It is far from clear that *Brady* requires the prosecution to turn over exculpatory information prior to a suppression hearing rather than prior to trial itself. *See United States v. Bowie*, 198 F.3d 905, 912 (D.C. Cir. 1999) (issue raised but not decided); *United States v. Stott*, 245 F.3d 890, 900 (7th Cir. 2001) (issue not raised in trial court, so determination limited to a finding that pre-suppression non-disclosure was not plain error). *But see United States v. Barton*, 995 F.2d 931, 935 (9th Cir. 1993); *Smith v. Black*, 904 F.2d 950, 965-66 (5th Cir. 1990), *vacated on other grounds*, 503 U.S. 930 (1992); *United States v. Williams*, 10 F.3d 1070, 1077 (4th Cir. 1993) (assuming without deciding that *Brady* applies to suppression hearings). Given the posture of this issue in the present case, this Court need not attempt to predict what decision the Third Circuit would reach on the issue.

1986). If the claim is fairly presented, then state remedies have been exhausted regardless of how the state court disposes of the claim. *Smith v. Digmon*, 434 U.S. 332, 333 (1978). Here, Bailey has never presented the issue of the alleged *Brady* violation to the Delaware Supreme Court.

If Bailey attempts to present a *Brady* claim to the Delaware Supreme Court in the pending appeal of his post-conviction motion, the Delaware Supreme Court will not consider the merits of the claim because it was not presented to the Superior Court, and it will be barred by Supreme Court Rule 8. Were Bailey to attempt file a new Rule 61 motion, his motion would be barred by Superior Court Rule of Criminal Procedure 61(i)(2). *See Lawrie v. Snyder*, 9 F.Supp.2d 428, 453-54 (D. Del. 1998). Therefore, Bailey has procedurally defaulted any *Brady* claim. However, because a state remedy is no longer available to Bailey, he is excused from the exhaustion requirement. *See Teague*, 489 U.S. at 297-98. Although Bailey is thus excused from satisfying the exhaustion requirement, his claim is procedurally defaulted. *Harris v. Reed*, 489 U.S. 255, 263 (1989); *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates cause for the default and resulting prejudice, or a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000). Bailey has alleged neither cause nor prejudice for his procedural default. Thus, to the extent Bailey has alleged a *Brady* claim, he is not entitled to relief.

The transcript of Bailey's suppression hearing in Superior Court was prepared, as were transcripts from Bailey's bench trial and sentencing. In the event that the Court

directs production of any transcript, Respondent cannot state with specificity when the transcripts could be produced, but reasonably expects that production would take 90 days from the issuance of any order by the Court.

For the foregoing reasons, the petition for a writ of habeas corpus should be denied without further proceedings.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

_____
Gregory E. Smith, I.D. No. 3869
Deputy Attorney General
820 North French Street, 7th Floor
Carvel State Building
Wilmington, Delaware 19801
Dated: March 21, 2005                                (302) 577-8398

# CERTIFICATION OF MAILING

The undersigned certifies that on March 21, 2005, he caused the attached *Answer* to be delivered to the following persons in the form and manner indicated:

William J. Rhodunda, Jr., Esq.
Oberly Jennings & Rhodunda, P.A.
800 Delaware Avenue, Suite 901
P.O. Box 2054
Wilmington, Delaware  19899


X   Two true copies by first class mail, postage pre-paid


STATE OF DELAWARE
DEPARTMENT OF JUSTICE

_____
Gregory E. Smith, ID # 3869
Deputy Attorney General
820 North French Street, 7th Floor
Carvel State Building
Wilmington, Delaware 19801
(302) 577-8398