IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

EDMUND F. BAILEY,

          Petitioner,                     C.A. No. 05-002-JJF

      v.

THOMAS CARROLL, Warden,
Delaware Correctional Center,

          Respondent.

## REPLY TO STATE'S ANSWER TO
## FIRST PETITION FOR WRIT OF HABEAS CORPUS

      Petitioner, Edmund F. Bailey, filed his First Petition for Writ of Habeas Corpus under 28 U.S.C. §2254 in this Court on January 3, 2005. Petitioner seeks federal habeas corpus relief because evidence used against him at his trial was obtained in violation of his Fourth Amendment rights. The evidence in question was seized pursuant to a search warrant that was issued as a result of warrantless video surveillance of Petitioner's storage locker, a place in which Petitioner had a reasonable expectation of privacy. The State contends in its Answer to the Petition that this Court is barred from considering Petitioner's Fourth Amendment claim by *Stone v. Powell*, 428 U.S. 465 (1976). In *Stone,* the United States Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 494. Accordingly, a court is barred from considering a petitioner's Fourth Amendment claim *only* where the state has provided the petitioner "an opportunity for full and fair litigation" of his claim. This Court is not barred from considering Petitioner's Fourth Amendment claim because the State did not provide him with an opportunity for full and fair litigation of his claim.

In *Stone*, the Supreme Court did not expressly articulate what it means to have "an opportunity for full and fair litigation" of Fourth Amendment claims in state court.[1] The "hard-line" view that "opportunity" requires only that the state merely provide a procedural mechanism for raising Fourth Amendment claims has been rejected by a number of circuits. *See, e.g., Hampton v. Wyant*, 296 F.3d 560, 563-64 (7th Cir. 2002); *Riley v. Gray*, 674 F.2d 522, 525-26 (6th Cir. 1982); *Gates v. Henderson*, 568 F.2d 830, 840 (2nd Cir. 1978); *Gamble v. Oklahoma*, 583 F.2d 1161, 1165 (10th Cir. 1978). These circuits reject the hard-line view for good reason, for "if the Supreme Court had meant to bar fourth amendment claims so long as a state provides a procedure for raising such claims . . . it would have simply held that there shall be no habeas corpus for fourth amendment claims," since, presumably, *Mapp v. Ohio*, 367 U.S. 643 (1961) already mandates such procedures in state courts. *See Dunn v. Rose*, 504 F. Supp. 1333, 1336-37 (M.D. Tenn. 1981). These circuits, instead, have generally adopted three similar approaches to determining whether a petitioner has received an opportunity for full and fair litigation of his Fourth Amendment claims in state court. The Second Circuit in *Gates* held that Fourth Amendment claims in habeas petitions may be considered if (1) the state provides no corrective procedures at all to redress Fourth Amendment violations or (2) the state provides a procedure, but the defendant is precluded from using it because of an "unconscionable breakdown in the underlying process." 568 F.2d at 840; *see also Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992). Subsequent cases from the district courts of New York have held that an "unconscionable breakdown" occurs when the state provides an opportunity for full and fair litigation of Fourth Amendment claims but fails to make a reasoned inquiry into the defendant's legal and factual allegations. *Valtin v. Hollins*, 248 F. Supp. 2d 311, 317 (S.D.N.Y. 2003) (internal citations

---

[1] The Middle District of Tennessee goes so far as to note with approval one student commentator's statement that the *Stone* standard is "hopelessly ambiguous." *Dunn v. Rose*, 504 F. Supp. 1333, 1335 (M.D.Tenn. 1981).

omitted); *Cruz v. Alexander*, 477 F. Supp. 516, 522 (S.D.N.Y. 1979) (internal citations omitted).

The Seventh Circuit has held that federal courts may review Fourth Amendment claims in habeas petitions when the state has provided the opportunity to litigate such claims but has made an "egregious error" such as when "state judges have closed their ears and minds to argument" or fail to consider and apply the "the appropriate body of decisional law." *Hampton*, 296 F.3d at 563-64; *see also U.S. v. Maxson*, 211 F. Supp. 2d 1093, 1097 (N.D. Ill. 2002). Similarly, the Sixth Circuit, in *Riley v. Gray*, held that a court's egregious error in the application of Fourth Amendment principles may prevent a petitioner from receiving an opportunity for a full and fair hearing. 674 F.2d 522, 526 (6th Cir. 1982) Finally, the Tenth Circuit held in *Gamble* that the opportunity for full and fair litigation "includes, but is not limited to, the procedural opportunity to raise or otherwise present a Fourth Amendment claim . . . and at least colorable application of the correct Fourth Amendment constitutional standard." 583 F.2d at 1165. The common thread running through these approaches is the requirement that the state not only provide an opportunity to litigate Fourth Amendment claims, but that the opportunity be a meaningful one, i.e., that the state judge "make a reasoned inquiry into the defendant's legal and factual allegations," consider and apply "the appropriate body of decisional law," and make "at least colorable application of the correct Fourth Amendment constitutional standard."

The Third Circuit has never definitively decided what constitutes an opportunity for full and fair litigation of Fourth Amendment claims in state court. The Third Circuit has, however, indicated an allegiance with those circuits that not only require the state provide an opportunity, but that the opportunity be a meaningful one. For instance, the Third Circuit in *Boyd v. Mintz* stated that "assuming, *without deciding*, that 'opportunity' simply means providing procedures by which one can litigate a Fourth Amendment claim, no opportunity *effectively* was provided

[petitioner] in this case." 631 F.2d 247, 250 (3d Cir. 1980) (emphasis added). In holding that the petitioner in *Boyd* had not received an opportunity for fair and full litigation of his Fourth Amendment claims, the Third Circuit noted that state courts had not rejected his claim after some meaningful inquiry, but rather, a breakdown in the process had occurred. *Id.* at 251. Further, while the Third Circuit in *Gilmore v. Marks* found that the petitioner was afforded an opportunity to litigate his Fourth Amendment claims in state court, it refused to foreclose the possibility that a state judge's failure to give at least colorable application of the correct Fourth Amendment constitutional standard would constitute a failure to provide an opportunity for full and fair litigation of such claims. 799 F.2d 51, 57 (3d Cir. 1986). In addition, it's not clear that the case relied upon by the State in its Answer to the petition, *U.S. ex rel. Petillo v. New Jersey*, 562 F.2d 903 (3d Cir. 1977), stands for the proposition the State contends that it does; namely, that a full and fair opportunity to litigate Fourth Amendment claims only requires that the State merely provide a mechanism for litigating such claims. Rather, the Third Circuit in *Petillo* noted that while "[s]ome circuits have found the defendant has been afforded a 'full and fair opportunity' if the state courts considered the claim at all," and other courts "have noted specific factors as indicative of adequate consideration in state court of the petitioner's fourth amendment claim," it need not resolve the issue because the defendant did not claim he lacked an opportunity to litigate his claim, but rather, attacked a credibility determination made by the state trial judge. 562 F.2d at 907. Thus, the Third Circuit remanded with directions to dismiss the petition because, under *Stone*, "the district court may not revive a fourth amendment issue by substituting its evaluation of the facts for that of the trial judge." *See also Hubbard v. Jeffes*, 653 F.2d 99, 102-03 (3rd Cir. 1981) (affirming district court's denial of habeas petition where petitioner disputed the state judge's factual determination that he had voluntarily consented to a search);

*Sanders v. Oliver*, 611 F.2d 804, 808 (10th Cir. 1979) (distinguishing *Petillo* because the defendant in *Petillo* "was not basing his claim on a denial of the opportunity to litigate, but rather on the 'routine credibility determination' made by the trial judge"). Here, Petitioner does not dispute any factual determinations made by the state judges. *Cf. Petillo*, 562 F.2d 903; *Hubbard*, 653 F.2d 99. It is undisputed that police surreptitiously, and without a warrant, entered a semi-public self-storage unit surrounded by a chain link fence and barbed wire, which required a passcode to enter, and installed a video camera to capture Petitioner's actions while Petitioner was in his individual storage unit; a unit in which Petitioner had a reasonable expectation of privacy.

Petitioner urges this Court to find that the opportunity contemplated by *Stone* entails a *meaningful* opportunity; that "'opportunity' includes [the] procedural opportunity to raise a claim, and it includes a full and fair hearing." *Sanders*, 611 F.2d at 808; *see Boyd*, 631 F.2d at 250. Here, while Petitioner may have received an opportunity to litigate his Fourth Amendment claims in state court, he did not receive a *meaningful* opportunity to litigate such claims. For even if a mechanism is provided for litigating such claims, no opportunity is effectively provided if the state courts did not conduct a meaningful inquiry into Petitioner's claim. *See Boyd*, 631 F.2d at 250. Here, no meaningful inquiry was conducted into Petitioner's claim that his Fourth Amendment rights were violated because the state courts never once addressed the wealth of state and federal case law presented by Petitioner demonstrating that persons had reasonable expectations of privacy in similar semi-public areas. *See, e.g., Mancusi v. DeForte*, 392 U.S. 364, 368-69 (1968) (an individual has a reasonable expectation of privacy in his office even if it is shared with several other people); *State v. Ortiz*, 600 N.W.2d 805, 817 (Neb. 1999) (an individual has a reasonable expectation of privacy at the threshold of his apartment and in the

hallway outside the apartment); *People v. Lesslie*, 939 P.2d 443, 446-47 (Colo. Ct. App. 1996) (an individual has a reasonable expectation of privacy in a public restroom, even though a window to a public alleyway was left ajar and the restroom had no locks or partitions).[2]

Petitioner first raised his Fourth Amendment claim in a suppression hearing before the Superior Court. *State v. Bailey*, 2001 WL 1739445 (Del. Super. 2001).[3] The Superior Court denied Petitioner's motion to suppress without any consideration of the cases supporting Petitioner's Fourth Amendment claim. *See id.* The Supreme Court abruptly upheld the denial of Petitioner's motion to suppress without any discussion in a one-sentence order. *See Bailey v. State*, 815 A.2d 348 (Del. 2003) (table). Finally, the Superior Court found that Petitioner's claim for post-conviction relief on Fourth Amendment grounds was barred by Superior Court Criminal Rule 61(i)(4), but curiously added in a footnote that "[f]urthermore, all courts who have considered the Fourth Amendment in the context of cameras aimed at *public streets* or other areas frequented by large groups of people have determined that an expectation in these areas is unreasonable." *State v. Bailey*, 2004 WL 2914320 at *1, n.3 (Del. Super. Dec. 13, 2004)[4] (emphasis added) (internal citations omitted). It is undisputed that Petitioner was in a semi-public self-storage unit surrounded by a fence and barbed wire, which required a passcode to enter, when he was videotaped by the police, and not in a public street. Because the state courts never once addressed the overwhelming amount of case law supporting Petitioner's Fourth

---

[2] *State v. Bonnell*, 856 P.2d 1265, 1274-77 (Haw. 1993) (an individual has a reasonable expectation of privacy in a breakroom provided by the employer); *People v. Kalchik*, 407 N.W.2d 627, 629-31 (Mich. Ct. App. 1987) (an individual has a reasonable expectation of privacy in a public restroom); *U.S. v. Booth*, 455 A.2d 1351, 1354 (D.C. 1983) (an individual has a reasonable expectation of privacy in the front hallway of a rooming house that is not open to the general public); *Bryant v. U.S.*, 599 A.2d 1107, 1109-10 (D.C. 1991) (same; even if the door is wide open); *State v. Thomas*, 642 N.E.2d 240, 247 (Ind. Ct. App. 1995) (an individual has a reasonable expectation of privacy in a store); *U.S. v. Carriger*, 541 F.2d 545, 547, 549 (6th Cir. 1976) (an individual has a reasonable expectation of privacy in the common areas of his apartment building not open to the general public).

[3] Attached hereto as Exhibit 1

[4] Attached hereto as Exhibit 2

Amendment claim, it cannot be said that the state courts made a "reasoned inquiry into the defendant's legal and factual allegations," considered and applied "the appropriate body of decisional law," or made "at least colorable application of the correct Fourth Amendment constitutional standard." For these reasons, the Petitioner respectfully requests that this Court grant his First Petition for Writ of Habeas Corpus.

**OBERLY, JENNINGS & RHODUNDA, P.A.**

 /s/ William J. Rhodunda, Jr.
**WILLIAM J. RHODUNDA, JR. (No. 2774)**
800 Delaware Avenue, Suite 901
P.O. Box 2054
Wilmington, DE 19899
(302) 576-2000
Attorney for Petitioner

Dated: August 23, 2005