# EXHIBIT 2

Westlaw.

Not Reported in A.2d                                                                                                    Page 1
Not Reported in A.2d, 2004 WL 2914320
(Cite as: Not Reported in A.2d)

H
Not Reported in A.2d, 2004 WL 2914320
Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Superior Court of Delaware.
STATE of Delaware
v.
Edmund BAILEY, Defendant.
Submitted Sept. 13, 2004.
Decided Dec. 13, 2004.

Upon Defendant's Motion for Postconviction Relief, Under Superior Court Criminal Rule 61 -Summarily Dismissed.

Joelle Wright, Deputy Attorney General Edmund Bailey, Defendant pro se.

ORDER

*1 Under Superior Court Criminal Rule 61(d), the Prothonotary has referred Bailey's motion for postconviction relief and the court has examined the motion and contents of the files relating to the judgment under attack. Unfortunately, despite Rule 61's mandate that the preliminary consideration shall be prompt, this review was delayed for reasons discussed in the court's letter dated July 12, 2004. In any event, for the reasons discussed below, it plainly appears from the motion and the record that Bailey is not entitled to relief and the case is subject to summary dismissal under Rule 61(d)(4).

After a bench trial, Bailey was convicted on April 25, 2002, of attempted manufacturing methamphetamine, FN1 other drug offenses and related weapons offenses. He received a lengthy prison sentence, including many years of mandatory imprisonment. Bailey filed a direct appeal to the Supreme Court of Delaware and his conviction was affirmed on January 24, 2003. FN2

> FN1. Originally, the court convicted Defendant of the indicted offense. By letter order dated July 18, 2002, the court changed the conviction to one for attempted manufacturing.

> FN2. Bailey v. State, 815 A.2d 348 (Del.2003).

The defense's lynchpin was a motion to suppress evidence obtained by surreptitious, video surveillance of a public storage locker where Bailey stored and packaged marijuana. Defendant's criminal problems cascaded after he was videotaped. Before trial, Bailey's trial attorney filed a motion to suppress all evidence derived from the video surveillance. The court held a suppression hearing and denied the motion in a written decision. FN3 The suppression issue was raised again by Bailey in his unsuccessful direct appeal.

> FN3. State v. Bailey, Del.Super., Cr. A. No. 0009007758, Silverman, J. (Nov. 30, 2001). Furthermore, all courts who have considered the Fourth Amendment in the context of cameras aimed at public streets or other areas frequented by large groups of people have determined that an expectation of privacy in these areas is unreasonable. Christopher Slobogin, Public Privacy: Camera Surveillance of Public Places and the Right to Anonymity, 72 Miss. L.J. 213, 236 (2002), referring to State v. Bailey as part of a string citation.

Bailey offers several grounds for postconviction relief. First, he again challenges the video surveillance. Second, Bailey argues that he was denied his right to a preliminary hearing and assistance of counsel during the pretrial proceedings. Bailey recognizes that his trial counsel waived the preliminary hearing, but Bailey insists the waiver was defective for several reasons. Finally, Bailey contends that he was denied effective assistance of counsel at trial in several ways.

I.

Although Bailey's motion is timely, the only issue that is appropriate for consideration under Rule 61 is Bailey's claim of ineffective assistance of counsel. The court heard and considered Bailey's challenge to the video surveillance. The court's decision about that is a matter of record and does not bear repeating. As noted above, that decision was affirmed.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d
Not Reported in A.2d, 2004 WL 2914320
(Cite as: Not Reported in A.2d)

Page 2

Accordingly, Bailey's renewed challenge to the video surveillance is barred by Rule 61(i)(4). FN4

> FN4. Any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal ... is thereafter barred, unless reconsideration of the claim is warranted in the interest of justice.

Bailey's claims concerning his preliminary hearing fail for two reasons. First, Bailey was required to raise those claims before trial and on direct appeal. Bailey has not shown cause for relief from his procedural defaults, nor has he shown prejudice from violation of his rights. Accordingly, Bailey's claims concerning his preliminary hearing are barred by Rule 61(i)(3). Also, those claims are moot. It is well established that the purpose of a preliminary hearing is to determine whether Defendant can be held until the case is presented to the Grand Jury. FN5 In other words, the preliminary hearing puts a defendant's arrest to the test. It has no direct bearing on a subsequent indictment and trial.

> FN5. See Holder v. State, 692 A.2d 882, 885 (Del.1997)(indictment eliminates need for preliminary hearing). See also Grosvenor v. State, 849 A.2d 33, 35 (Del.2004) ; Jenkins v. State, 305 A.2d 610, 614-15 (Del.1973).

*2 The court appreciates that preliminary hearings sometimes provide valuable discovery for later use by defendants. Nevertheless, a defect in the preliminary hearing process, including a defective waiver, has no bearing on a defendant's subsequent conviction. In this case in particular, even if the court assumes without deciding that Bailey did not waive it, the lack of a preliminary hearing was inconsequential. As mentioned, Bailey's trial counsel participated in a full-blown suppression hearing before trial. Moreover, he received discovery under Superior Court Criminal Rule 16.

II.

Bailey's claim of ineffective assistance of counsel has several parts. First, Bailey argues that his trial counsel improperly waived Bailey's preliminary hearing. That issue was just addressed. Even assuming Bailey demonstrated, which he did not, that trial counsel's decision to waive the preliminary hearing fell below an objective standard, Bailey has not shown that he suffered any prejudice in light of the subsequent proceedings. FN6

> FN6. Grosvenor, 849 A.2d at 35.

Bailey also alleges seven specific failings by his trial counsel. Four of the seven issues concern the video surveillance of the public storage locker. Otherwise, Bailey alleges that his trial counsel failed to "do the necessary investigation of hiring of experts to retaliate against the State's experts," "failed to stay in contact with his client and prepare a defense ...," and "failed to question the Miranda issue...."

Bailey acknowledges the two prong, Strickland v. Washington FN7 standard of review for ineffective assistance of counsel claims. He does not, however, appreciate that a trial attorney can make a mistake, yet still provide effective assistance. Bailey focuses on the mistakes he believes his trial counsel made and not on whether those mistakes caused his defense to fall below an objectively reasonable standard. By the same token, Bailey recognizes Strickland' s second prong-trial counsel's substandard performance caused prejudice to Bailey-but Bailey's prejudice arguments are conclusory.

> FN7. 466 U.S. 668 (1984).

Bailey seems to ignore the fact that on the charges for which he was convicted, the evidence was overwhelming. Considering the evidence derived through and after the video surveillance, the question of Bailey's overall guilt or innocence was not close. The evidence easily tied Bailey to large quantities of drugs, a stunningly sophisticated methamphetamine manufacturing operation and several firearms. Basically, the State's evidence left no reasonable doubt that Bailey was either the mastermind or a substantial figure in a major drug operation in Delaware.

Trial counsel drew the line in the sand at the appropriate place, the video surveillance. He raised and fully litigated a substantial search and seizure question. Once the State breached that line of defense, the State was left with a highly incriminating video tape of Bailey participating in a serious drug-related felony. And that damaging evidence led, in turn, to other highly incriminating circumstantial evidence.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d											Page 3
Not Reported in A.2d, 2004 WL 2914320
(Cite as: Not Reported in A.2d)

\*3 Finally, Bailey questions his decision to waive trial by jury. Bailey failed to raise the issue on appeal. Therefore, the claim is procedurally defaulted. At this point, the only proper inquiry is whether Bailey received ineffective assistance of counsel when he decided to waive trial by jury. Bailey does not begin to make a viable claim under *Strickland*.

Moreover, consistent with Bailey's approach to most of his other claims, Bailey's substantive arguments are theoretical and conclusory. He fails to explain how his decision to waive the jury in this case was uninformed, involuntary and wrong. The record does not reflect a colloquy about Bailey's waiver of jury trial, but Bailey signed a Stipulation of Waiver of Jury Trial.

Bailey offers argument and authority for the proposition that before his waiver of jury trial could be knowing and intelligent, he had to understand that a jury is composed of twelve people, he could participate in jury selection, the jury's verdict had to be unanimous and his guilt or innocence would be decided by a judge. Bailey, however, does not allege that he actually was unaware of any of those things. And the court takes notice that Bailey reportedly is a high school graduate and no stranger to the criminal justice system. Besides his steady stream of arrests over the past twenty years, Bailey was convicted of a felony drug offense in Pennsylvania in 1986, a felony weapons offense in Delaware in 1990, and drug trafficking in Delaware in 1993. The latter conviction came after a plea colloquy.

Beyond that, the reason for Bailey's waiver is apparent. In light of the State's evidence, Bailey had almost no chance of outright acquittal. Meanwhile, considering the evidence tying him to a major drug manufacturing and distribution operation, the risk of a jury being unfairly influenced by that evidence was substantial. In retrospect, the court should have made a better record about Bailey's waiver. Nevertheless, Bailey waived a jury trial, in writing, on advice of experienced counsel. And he waived the claim on appeal. Furthermore, Bailey does not allege, much less establish, that his written waiver was involuntary, uninformed, or even a mistake. Again, Bailey does not come close to establishing that his decision to waive trial by jury was produced through ineffective assistance of counsel, much less that he suffered prejudice.

III.

In summary, Bailey's original hopes turned on his motion to suppress the video surveillance tape and the evidence to which it led. The suppression question was challenging. But once the suppression motion was lost, the prosecution was all but a walkover. After his motion to suppress was denied, Bailey's next best hope was on direct appeal.

Bailey's trial counsel identified and pursued Bailey's best defense with, at least, better than average competence. Bailey has not shown and the court cannot see how different counsel or a different approach would have produced a better result.

IV.

\*4 For the foregoing reasons the Motion for Postconviction Relief is summarily *DISMISSED*. The Prothonotary shall cause the movant to be notified.

IT IS SO ORDERED.

Del.Super.,2004.
State v. Bailey
Not Reported in A.2d, 2004 WL 2914320

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## CERTIFICATE OF SERVICE

I, William J. Rhodunda, Jr., hereby certify that on this 23rd day of August, 2005, a true and correct copy of Petitioner's Reply to State's Answer to First Petition for Writ of Habeas Corpus was served via electronic filing as follows:

>Loren C. Meyers
>Deputy Attorney General
>Department of Justice
>Carvel State Office Building
>820 North French Street
>Wilmington, DE 19801

/s/ William J. Rhodunda, Jr.
**WILLIAM J. RHODUNDA, JR. (No. 2774)**