IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDMUND F. BAILEY, | : |
| Petitioner, | : |
| v. | : Civ. Act. No. 05-002-JJF |
| THOMAS L. CARROLL, Warden, | : |
| Respondent. | : |

---

Edmund F. Bailey. Pro se Petitioner.

Gregory E. Smith, Deputy Attorney General of the DELAWARE DEPARTMENT OF JUSTICE, Wilmington, Delaware. Attorney for Respondent.

---

**MEMORANDUM OPINION**

May 23, 2006
Wilmington, Delaware

**Farnan, Judge**

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Edmund F. Bailey. (D.I. 1.) For the reasons discussed, the Court will dismiss the Petition and deny the relief requested.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

In July 2000, an informant told the Delaware State Police that Petitioner and a co-conspirator rented a locker in a self-storage facility and used the locker to store laboratory supplies to make methamphetamine, as well as the finished product itself. With the consent of the storage facility's management, the police set up a video surveillance camera in the corridor opposite the locker used by Petitioner and his co-conspirator. On September 11, 2000, the management telephoned police to inform them that a man identifying himself as the co-conspirator had just paid the current month's rent and had visited the locker. Police then viewed the surveillance videotape, which showed Petitioner, not his co-conspirator, open the locker, and transfer "a granular or leafy substance" from one large zip-lock bag to a smaller bag. With this information, the police applied for and received a warrant to search the locker. (D.I. 8, State's Ans. Br. in Bailey v. State, No.495,2002, at 4-6.)

Inside the locker, the police found a significant amount of

marijuana, scales and other drug paraphernalia, chemicals used in the manufacture of methamphetamine, and a loaded handgun. Based on that information, police applied for and received a warrant to search Petitioner's residence. At Petitioner's residence, the police found additional chemicals, cutting agent, marijuana, methamphetamine, paraphernalia, and another loaded handgun. Petitioner was arrested at the scene and charged with various drug and weapons offenses. Id.

Following a bench trial in the Delaware Superior Court, Petitioner was convicted on April 25, 2002 of two counts of possession of a firearm during the commission of a felony, two counts of possession of a deadly weapon by a person prohibited, attempted manufacture of methamphetamine, possession of methamphetamine, possession of marijuana with intent to deliver, two counts of maintaining a building for keeping controlled substances, possession of marijuana, and possession of drug paraphernalia. The Superior Court sentenced Petitioner to a total of twenty-three years of incarceration, suspended after fourteen years, to be followed by decreasing levels of probation.

Petitioner asserted two claims on direct appeal: (1) the evidence seized from a self-storage locker and from his house should have been suppressed because the video surveillance of the locker was illegally obtained without a warrant; and (2) there was insufficient evidence to support some of the weapons

convictions. On January 24, 2003, the Delaware Supreme Court affirmed Petitioner's convictions and sentences. See Bailey v. State, 2003 WL 193540 (Del. Jan. 24, 2003).

Petitioner filed a pro se motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), raising three claims: (1) the evidence seized from the storage locker and his home should have been suppressed because the police did not obtain a warrant authorizing the video surveillance of the locker; (2) counsel improperly waived Petitioner's preliminary hearing; and (3) counsel provided ineffective assistance during Petitioner's trial. In December 2004, the Superior Court denied the Rule 61 motion. State v. Bailey, 2004 WL 2914320 (Del. Super. Ct. 2004). Petitioner appealed that decision, and the Delaware Supreme Court dismissed the appeal for failure to prosecute. Bailey v. State, 871 A.2d 1127 (Table), 2005 WL 850415 (Del. Apr. 11, 2005).

On January 3, 2005, Petitioner filed the instant Petition through counsel. (D.I. 1.) Respondent filed an Answer, asserting that the Petition should be dismissed for failing to present a claim cognizable on federal habeas review. (D.I. 6.) Petitioner filed a Response challenging Respondent's argument. (D.I. 13.)

II. **DISCUSSION**

A district court can entertain a state prisoner's

3

application for federal habeas relief only on the ground that his custody violates the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Additionally, a federal court cannot review a habeas petition on the merits unless the petitioner has exhausted his remedies under state law. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842-44 (1999); Picard v. Connor, 404 U.S. 270, 275 (1971). A petitioner satisfies the exhaustion requirement by presenting his claim to the state's highest court, either on direct appeal or in a post-conviction proceeding. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999); See Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).

In his sole habeas claim, Petitioner contends that the evidence seized from his self-storage unit and his house should have been suppressed because the video surveillance of the locker was obtained without a search warrant in violation of the Fourth Amendment. As a general rule, federal courts cannot provide habeas review of a Fourth Amendment claim if the petitioner had a full and fair opportunity to litigate the claim in the state courts. Stone v. Powell, 428 U.S. 465, 494 (1976); see also Wright v. West, 505 U.S. 277, 293 (1992)("We have also held . . . that claims under Mapp [evidence obtained in violation of the Fourth Amendment] are not cognizable on habeas as long as the courts have provided a full and fair opportunity to litigate them

4

at trial or on direct review.") The "full and fair opportunity to litigate" requirement is satisfied if the state has an available mechanism for suppressing evidence seized in or tainted by an illegal search or seizure. See U.S. ex rel. Hickey v. Jeffes, 571 F.2d 762, 766 (3d Cir. 1978); Petillo v. New Jersey, 562 F.2d 903, 906-07 (3d Cir. 1977). To avoid the Stone bar, a petitioner must demonstrate that a structural defect in the state system prevented the state courts from fully and fairly hearing his Fourth Amendment claim. Marshall v. Hendricks, 307 F.3d 36, 82 (3d Cir. 2002).

Petitioner presented the instant claim to Delaware Supreme Court on direct appeal, thereby exhausting state remedies. Although Petitioner recognizes the general applicability of the Stone bar to Fourth Amendment issues, he contends that the Court can review his Fourth Amendment claim because of the failure of the Superior Court to consider the caselaw cited in his suppression motion, which demonstrates that the state court did not fairly and fully litigate his Fourth Amendment claim. (D.I. 13.)

Contrary to Petitioner's argument, however, even an erroneous or incomplete state court determination of a Fourth Amendment claim does not overcome the Stone bar; on habeas review, the focus of the Stone inquiry is only whether there was a structural defect in the state procedure. Marshall, 307 F.3d

5

at 82; see also Gilmore v. Marks, 799 F.2d 51, 56-7 (3d Cir. 1986). The record in Petitioner's case demonstrates the absence of any structural defect in the state procedure provided to review his Fourth Amendment claim. Petitioner filed a pre-trial motion to suppress the evidence seized, arguing that the video surveillance of the locker violated his Fourth Amendment right to privacy. The Superior Court held an evidentiary hearing on the motion. During the hearing, the court viewed the surveillance videotape. A police officer testified about the circumstances surrounding the video surveillance and subsequent seizure of evidence, as well as the physical set up of the lockers. Petitioner also testified at the hearing, providing his version of the facts as well as his opinion as to the extent of privacy afforded in the locker situation. See generally (D.I. 8, Appendix to Appellant's Op. Br. in Bailey v. State, No.495,2002, at A-46 to A-51.)

In its written opinion denying the suppression motion, the Superior Court reviewed the facts established at the evidentiary hearing under prevailing law, and held that Petitioner did not have a reasonable expectation of privacy because he failed to close the locker door. The Superior Court also specifically rejected at least one case cited by Petitioner. On direct appeal, the Delaware Supreme Court affirmed that decision.

Based on the record before it, the Court concludes that

6

Petitioner was afforded a full and fair opportunity to litigate his Fourth Amendment claim in the Delaware state courts. Accordingly, Petitioner's argument fails to overcome the <u>Stone</u> bar, and the Court will deny Petitioner's Fourth Amendment claim.

## III.  CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. <u>See</u> Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. <u>Id.</u>

The Court has concluded that <u>Stone v. Powell</u>, 428 U.S. 465 (1976) precludes habeas review of Petitioner's Fourth Amendment claim. Reasonable jurists would not find this conclusion to be

7

debatable.  Therefore, the Court declines to issue a certificate of appealability.

**IV.   CONCLUSION**

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be denied.

An appropriate Order will be entered.